IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO MCKINNEY,

        Petitioner,        No. CIV-09-1650 KJM P

   vs.

J. WALKER,

        Respondent.       ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has failed to specify the constitutional grounds for relief in his petition, nor does he state facts on which relief might be granted.[1] See Rule 2(c), Rules Governing § 2254 Cases.

---

[1] Petitioner has submitted his application on a form provided by the Central District of California. However, at the time he filed his petition with this court, petitioner was in custody at

1

Petitioner has also failed to clarify whether he has brought his claims before the California Supreme Court prior to instituting this action. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

The foregoing pleading deficiencies require that the petition be dismissed without prejudice. The petitioner will be allowed thirty days from the entry of this order in which to file an amended petition that alleges the specific constitutional violations and supporting facts that, if proven, would entitle him to habeas relief. Petitioner is advised that vague or conclusory claims for relief may result in summary dismissal of the amended petition. See Hendricks v. Vazquez, 908 F.2d 490, 491 (9th Cir. 1990); Rule 4, Rules Governing § 2254 Cases. Finally, petitioner is advised that claims alleging constitutional violations unrelated to his conviction in state court – e.g., conditions of confinement or inadequate medical care while in custody – are not appropriate grounds for habeas relief but should be averred in a complaint filed under the Civil Rights Act, 42 U.S.C. § 1983.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (docket no. 6) is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

---

the California State Prison in Represa, California, which is in the Eastern District of California. In allowing petitioner leave to file an amended petition, the court will direct the Clerk of Court to provide petitioner with the form used in this district.

1       4. The Clerk of the Court is directed to send petitioner the court's form for
2  application for writ of habeas corpus.
3  DATED: October 22, 2009.
4                                                    _____
                                                       U.S. MAGISTRATE JUDGE

8  4
   mcki1650.habeas.amend