IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO MCKINNEY,

      Petitioner,               No. CIV-09-1650 KJM P

   vs.

J. WALKER,

      Respondent.            ORDER

_____/

        Petitioner is a state prisoner who has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order entered October 23, 2009, the court granted petitioner leave to proceed in forma pauperis and dismissed his original petition with leave to amend. Petitioner has filed an amended petition.

        "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Petitioner has failed to specify the constitutional grounds for relief in his amended petition, nor does he state facts on which relief might be granted. See Rule 2(c), Rules Governing § 2254 Cases. Therefore the amended petition will be dismissed without prejudice.

/////

1

1         The petitioner will be allowed thirty days from the entry of this order in which to
2 file a second amended petition that alleges the specific constitutional violations and supporting
3 facts that, if proven, would entitle him to habeas relief.  Petitioner is advised that vague or
4 conclusory claims for relief may result in summary dismissal of the amended petition.  See
5 Hendricks v. Vazquez, 908 F.2d 490, 491 (9th Cir.1990); Rule 4, Rules Governing § 2254 Cases.
6 Finally, petitioner is advised that claims alleging constitutional violations unrelated to his
7 conviction in state court – e.g., conditions of confinement or inadequate medical care while in
8 custody – are not appropriate grounds for habeas relief but should be averred in a complaint filed
9 under the Civil Rights Act, 42 U.S.C. § 1983.

10         Petitioner has requested the appointment of counsel.  There currently exists no
11 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
12 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
13 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
14 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
15 served by the appointment of counsel at the present time.

16         Therefore, IT IS HEREBY ORDERED that:

17         1. Petitioner's motion for appointment of counsel (Docket No. 10) is denied
18 without prejudice to a renewal of the motion at a later stage of the proceedings;

19         2. Petitioner's application for writ of habeas corpus is dismissed with leave to file
20 a second amended petition within thirty days from the date of this order;

21         3. Any amended petition must bear the case number assigned to this action and
22 the title "Second Amended Petition"; and

23         4. The Clerk of the Court is directed to send petitioner the court's form for
24 application for writ of habeas corpus.

25 DATED:  December 7, 2009.

26 4/mcki1650.114+110

                                                                       /s/ Gregory G. Hollows
                                                                       U.S. MAGISTRATE JUDGE