IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO MCKINNEY,

    Petitioner,               No. CIV-09-1650 KJM P

    vs.

J. WALKER,

    Respondent.          <u>ORDER</u>

                              /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has previously approved his application to proceed in forma pauperis.

        The court has twice given petitioner leave to amend, on the grounds that the submitted petition was too vague to determine whether it stated grounds on which relief might be granted under § 2254. <u>See</u> Docket Nos. 9 and 12. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996). While petitioner does reference certain constitutional rights in the petition, the facts alleged only give a vague impression of the events that allegedly comprise a constitutional violation. Petitioner apparently contends that he did not receive adequate assistance of counsel at the pleading and

1 appellate stages of the underlying conviction.  Beyond that, however, the court cannot say with
2 reasonable certainty what petitioner contends his counsel did or did not do in Superior Court or
3 on appeal such that a cause of action under the habeas statute might exist.  A petition for writ of
4 habeas corpus must describe those events with enough clarity to give the court that reasonable
5 certainty.  Because the instant petition falls short of that standard, it must be dismissed.
6 Petitioner will be provided a final opportunity to submit an amended petition.

Petitioner has renewed his motion for the appointment of counsel.  The court has determined that the interests of justice require appointment of counsel for the limited purpose of drafting a petition that will enable the court to determine whether petitioner can proceed with a habeas claim.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner is advised that this appointment is only for purposes of discerning and pleading his claims.  Counsel will assist petitioner in determining whether he can state a claim for habeas relief or whether under the circumstances a notice of voluntary dismissal is appropriate.  If petitioner files a third amended petition, and if the court determines that the petition may state a valid claim and orders respondent to answer, counsel will have fulfilled the obligations of this appointment and will no longer represent petitioner pursuant to this order.  At that point, petitioner will again proceed pro se.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for the appointment of counsel (Docket No. 14) is granted for the limited purposes stated in this order;

2. The Federal Defender is appointed to represent petitioner for the limited purpose of assisting petitioner in determining what claims, if any, petitioner has under 28 U.S.C. § 2254 and in pleading such claims;

3. The Clerk of the Court is directed to serve a copy of the second amended petition and this order on David Porter, Assistant Federal Defender;

///

4. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file;

5. Petitioner's second amended petition for writ of habeas corpus is dismissed with leave to amend; and

6. Within sixty days from the date of this order, petitioner shall submit, through the assistance of counsel, either a third amended petition or a notice of voluntary dismissal of this action.

DATED: February 9, 2010.

_____
U.S. MAGISTRATE JUDGE

4
mcki1650.114+110a

3